UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STATE OF MAINE,                           )
                                          )
        v.                                )        1:22-cr-00108-JAW
                                          )
JOSEPH COUNTS,                            )
                                          )
                Defendant                 )

## RECOMMENDED DECISION

Defendant seeks to remove to this Court two state court criminal proceedings. (Notice, ECF No. 1.)  In one matter, *State v. Counts*, No. PENCD-CR-2017-01768, Defendant is charged with operating a motor vehicle under the influence of intoxicants and violation of conditions of release; in the other case, *State v. Counts*, No. PENCD-CR-2017-04170, Defendant is charged with failure to appear in court after he was released on bail.

"A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction." *Massachusetts v. Vilbon*, No. 21-11510-IT, 2021 WL 5180237, at * 1 (D. Mass. Nov. 8, 2021) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).  Removal is permitted for criminal actions against federal officers and agencies for acts done under the color of law (28 U.S.C. § 1442), against members of the armed forces for acts done under the color of law (28 U.S.C. § 1442a), where a person "is denied or cannot enforce in the [state] court … a right under any law providing for the equal civil rights of citizens of the United States" (28 U.S.C. § 1443(1)), and for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground it would be inconsistent with such law." (28 U.S.C. § 1443(2)).

*Id*.  Defendant has not provided any facts that would support a finding that his state court proceedings are eligible for removal.  The Court, therefore, lacks jurisdiction over the state court criminal matters.[1]  Accordingly,  I recommend the Court remand the two criminal proceedings to state court.[2]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of September, 2022.

---

[1] "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

[2] A notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1445(b)(1).  In the first matter (operating under the influence and violation of conditions of release), Defendant was arraigned on May 15, 2017.  The removal as to that proceeding is not timely.  Defendant's arraignment on the failure to appear in court after he was bailed was scheduled for February 7, 2019. Defendant failed to appear for the arraignment and evidently has not appeared in state court on the matter.